UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAVIER BAUTISA,<br><br>        Plaintiff,<br><br>   -against-<br><br>TAP AIR PORTUGAL,<br><br>        Defendant. | Case No. 1:24-cv-00503 (JLR)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  For the reasons set forth below, the Court dismisses this action without prejudice under Federal Rule of Civil Procedure ("Rule") 41(b) for failure to prosecute.

## BACKGROUND

  On January 24, 2024, Defendant removed this case from New York state court. ECF No. 1. On February 21, 2024, the Court ordered the parties to appear at an initial pretrial conference on March 19, 2024, at 10:30 a.m. ECF No. 9. The docket reflects that a copy of this order was mailed to Plaintiff's address on file on February 22, 2024. *See Makhnevich v. Bougopoulos*, No. 22-936, 2024 WL 1653464, at *2 (2d Cir. Apr. 17, 2024) (summary order) ("It is 'well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.'" (quoting *Hagner v. United States*, 285 U.S. 427, 430 (1932))).

  On March 8, 2024, Defendant filed a letter stating that it had "made a good faith effort to confer with Plaintiff through attempting multiple times to contact Plaintiff," and that, to date, Defendant had "received no communications from Plaintiff, despite numerous efforts to confer." ECF No. 10 at 1-2; *see* Rochon Indiv. Civ. R. 2(D) (requiring parties, prior to the initial pretrial conference, to file a joint letter and proposed case-management plan). On March 15, 2024, the

1

Court requested that "Defendant attempt again to contact Plaintiff and determine whether Plaintiff will attend the initial pretrial conference on March 19, 2024." ECF No. 13.

On March 18, 2024, Defendant filed a letter stating that on March 8, 2024 (after filing its previous letter), it "received a call from Plaintiff. In this call, Plaintiff repeatedly refused to agree to confer with [Defendant] regarding this matter and asserted that he would not be attending the Pretrial Conference scheduled for March 19, 2024." ECF No. 14 at 1. Defendant added that it had twice called Plaintiff (once each on March 16 and March 17, 2024) and left "detailed voicemail[s]," but that it had "received no further communications from Plaintiff." *Id.*

The Court held its initial pretrial conference on March 19, 2024, as scheduled. Defendant attended. Plaintiff did not appear, nor did he contact the Court to report that he had a conflict or other logistical issue.

In a subsequent order, the Court stated that it would "reschedule the initial pretrial conference in this case for April 9, 2024." ECF No. 16 (the "March 19 Order") at 2 (emphasis omitted). The Court added, however, that "by failing to appear at a Court-ordered conference," Plaintiff had "wasted the time and expense of Defendant and flouted this Court's order." *Id.* The Court thus ordered that "Plaintiff must inform the Court by April 2, 2024, if he intends to continue prosecuting this case and confirm that he will attend the conference on April 9." *Id.* (emphasis omitted). The Court warned that "[i]f Plaintiff does not confirm his continued prosecution of this matter by April 9, then the Court will adjourn the April 9 conference, and it may also dismiss Plaintiff's action without prejudice for failure to prosecute." *Id.* (emphasis omitted). The Court directed the Clerk of Court to mail a copy of the March 19 Order to Plaintiff, *see id.*, and the docket reflects that the Clerk of Court promptly did so. The Court also

2

directed Defendant to mail and email a copy of the March 19 Order to Plaintiff.  *See id.*  Defendant filed an affidavit of service that same day.  ECF No. 17.

On April 3, 2024, the Court noted that it still had not heard from Plaintiff.  ECF No. 20 (the "April 3 Order") at 2.  The Court ordered that "Plaintiff shall inform the Court as soon as possible, but no later than August 5, 2024, whether he intends to prosecute this case and comply with the Court's orders.  If Plaintiff fails to do so, the Court will dismiss this case for failure to prosecute (including, potentially, with prejudice)."  *Id.* (emphasis omitted).  As ordered by the Court, the Clerk of Court (by mail) and Defendant (by mail and email) sent copies of the April 3 Order to Plaintiff.  *See id.*; ECF No. 21

Despite these efforts, to date, the Court has received no communications from Plaintiff.

## DISCUSSION

A district court may dismiss an action if, among other reasons, "the plaintiff fails to prosecute or to comply with . . . a court order."  Fed. R. Civ. P. 41(b).  "Although the text of [Rule] 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quotation

3

marks and citation omitted). "No single factor is generally dispositive." *Id.* Considered holistically, the five factors justify dismissal.

First, Plaintiff has not participated in this action at all since its removal to this Court on January 24, 2024, over six months ago. This inaction, under the circumstances, is sufficiently lengthy to support dismissal. *See, e.g.*, *Ampudia v. Lloyd*, 531 F. App'x 32, 34 (2d Cir. 2013) (summary order) (affirming dismissal for failure to prosecute after delay of almost five months); *Rahim v. N.Y.C. Transit Auth.*, 159 F.3d 1347, 1998 WL 537534, at *2 (2d Cir. 1998) (unpublished table decision) (same for delay of six months); *see also Brown v. Gen. Nutrition Cos.*, 356 F. App'x 482, 486 (2d Cir. 2009) (summary order) ("[P]laintiffs' four-month delay cannot be said to be of insignificant duration for this analysis."); *cf. Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (summary order) ("[T]he delay in proceedings attributable solely to [the plaintiff] was 42 days, from April 22 to June 3. In *pro se* cases, this Court has found that similar delays of 39 days and one month were insufficient to justify dismissal for failure to prosecute." (citations omitted)). Thus, this factor favors dismissal.

Second, Plaintiff has been sufficiently notified on multiple occasions that failure to comply with the Court's orders and prosecute this case would result in dismissal. *See* March 19 Order at 2; April 3 Order at 2. These plainly worded warnings adequately put Plaintiff on notice. *See Ampudia*, 531 F. App'x at 34 ("[D]ismissals following unheeded warnings generally do not constitute an abuse of discretion."); *see, e.g.*, *Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (*pro se* plaintiff was warned that "further delay will result in dismissal"); *Rahim*, 1998 WL 537534, at *1 (similar). Therefore, this factor favors dismissal.

Third, the record is silent as to whether further delay would prejudice Defendant, but "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre*

*Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Given the evident unreasonableness of Plaintiff's unexplained refusal to participate in these proceedings, this factor favors dismissal.

Fourth, the Court's interest in managing its docket outweighs Plaintiff's interest in receiving a fair chance to be heard. Of course, "a trial court's desire to move its calendar should not overcome its duty to do justice." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). But under the circumstances (including, as described above, the multiple extensions already granted and Plaintiff's nonparticipation in proceedings ever since Defendant removed the case), the Court's interest in managing its docket prevails. *See Lyell*, 682 F.2d at 42 (dismissal for failure to prosecute, when properly utilized, is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts").

Fifth, the Court has no reason to believe that a sanction less severe than dismissal is warranted. To be sure, "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209. But "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them," *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (citation omitted), and "solicitude for *pro se* litigants does not require [courts] to excuse failure to comply with understandable procedural rules and mandatory deadlines," *Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021). *Pro se* plaintiffs must prosecute their cases, especially where, as here, courts clearly and repeatedly order them to do so. *See, e.g.*, *Ruzsa*, 520 F.3d at 177 (affirming dismissal of *pro se* plaintiff's action for failure to prosecute); *Pierno v. Fidelity Brokerage Servs., LLC*, No. 20-3711, 2021 WL 5986763, at *2-3 (2d Cir. Dec. 16, 2021) (summary order) (same); *Wik v. City of Rochester*, 632 F. App'x 661, 663 (2d Cir. 2015) (summary order) (same). Given that the Court's prior orders went unheeded, "dismissal [i]s the only sanction that w[ill] address [Plaintiff's] pattern of dilatory behavior."

5

*Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (summary order); *see also S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010) ("[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal . . . if such a sanction is appropriate on the overall record."). Moreover, the Court is dismissing this action without prejudice, which is a "less severe sanction[] than a pure with-prejudice dismissal." *Peters v. CBS Viacom*, No. 23-463, 2023 WL 8270781, at *3 (2d Cir. Nov. 30, 2023) (summary order).

Altogether, the Court finds that dismissal for failure to prosecute is appropriate here.

## CONCLUSION

For the reasons set forth above, the action is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is respectfully directed to terminate all pending motions and CLOSE the case. The Clerk is also respectfully directed to mail a copy of this Order to Plaintiff. Defendant is directed to email and mail this Order to Plaintiff immediately. Defendant shall promptly file proof of service of this Order.

Dated: August 9, 2024
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge