UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAVIER BAUTISTA,<br><br>                            Plaintiff,<br><br>      -against-<br><br>TAP AIR PORTUGAL,<br><br>                            Defendant. | Case No. 1:24-cv-00503 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff Javier Bautista ("Plaintiff") has moved this Court to reopen his case, attesting, among other things, that Defendant TAP Air Portugal ("Defendant") did not serve him with any document from its filings in this Court, including notice of removal. *See* Dkt. 27 at 1-3, 5, 7. 28 U.S.C. § 1442(d) requires removing defendants to "give written notice" of removal "[p]romptly after the filing of such notice of removal of a civil action" and to "file a copy of the notice of the clerk of such State court." Defendant has filed proof of service of many of its filings in this Court, *see, e.g.*, Dkt. 7 at 4 (affidavit of service of Defendant's opposition to remand); Dkt. 11 (affidavit of service of Defendant's March 8, 2024 letter); Dkt. 15 (similar); Dkt. 17; Dkt. 21; Dkt. 30, but has never filed proof of service of the notice of removal. Moreover, the state court docket does not reflect whether notice of removal was ever filed in small claims court. *See* Dkt. 30-2 at 2 (summarizing "papers recorded").

      Defendant is directed to file proof of service of the notice of removal on Plaintiff, and address whether notice of removal was ever filed in small claims court, by **April 22, 2025**. Defendant is also directed to address whether the case should be reopened under Rule 60(b)(4) in a letter not to exceed three pages by the same date. *See Nemaizer v. Baker*, 793 F.2d 58, 64 (2d Cir. 1986) (acknowledging that "federal courts lack jurisdiction over an improperly removed case," but that "it does not logically or necessarily follow that *every*

judgment rendered after an improper removal must be classified as a nullity and therefore void"); *cf. Weingeist v. Tropix Media & Ent.*, No. 20-cv-00275 (ER), 2022 WL 970589, at *4 ("'A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected,' and 'actual notice of suit [cannot] cure a failure to comply with the statutory requirements for serving process.'" (alteration in original) (quoting *Sartor v. Touissant*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order))).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

Dated: April 15, 2025
       New York, New York

                                        SO ORDERED.

                                        *Jennifer Rochon*
                                        JENNIFER L. ROCHON
                                        United States District Judge