UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAVIER BAUTISTA,<br><br>                    Plaintiff,<br><br>        -against-<br><br>TAP AIR PORTUGAL,<br><br>                    Defendant. | Case No. 1:24-cv-00503 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Javier Bautista ("Plaintiff"), *pro se*, moves this Court to reopen his case, which the Court previously dismissed without prejudice due to Plaintiff's failure to prosecute, and remand it to small claims court. Dkt. 25; *see* Dkt. 22. Defendant TAP Air Portugal ("Defendant" or "TAP") opposes the motion. Dkt. 29. For the reasons that follow, the Court DENIES Plaintiff's motion.

## BACKGROUND

This case arises from TAP's alleged loss of the contents of Plaintiff's luggage in November 2016, following an international flight from Newark to Madrid. Dkt. 1-1; *see also* Dkt. 27 ("Br.") at 9. Plaintiff initially filed this case on August 25, 2022 in the Civil Court of the City of New York, Small Claim Part, Dkt. 1-1, and TAP removed this case to federal court on January 24, 2024, Dkt. 1; *see also* Dkt. 33-1 (affidavit of service of notice of removal on Plaintiff dated January 24, 2024). On February 21, 2024, the Court scheduled an initial pretrial conference for March 19, 2024, Dkt. 9, and the order scheduling the conference was mailed to the address Plaintiff provided in his small claims court filings.

On March 8, 2024, TAP informed the Court that it had made multiple good-faith efforts via phone and email to confer with Plaintiff prior to the conference pursuant to the Court's individual rules, but had been unable to do so due to Plaintiff's unresponsiveness.

Dkt. 10. The Court directed TAP to attempt to contact Plaintiff again to determine whether he would attend the initial pretrial conference, and to provide a further update by March 18, 2024. Dkt. 13. In its March 18, 2024 letter, TAP represented that Plaintiff had contacted TAP's counsel by phone on March 8, 2024, but repeatedly refused to agree to confer with TAP's counsel and asserted he would not attend the initial pretrial conference scheduled on March 19, 2024. Dkt. 14. Plaintiff did not answer subsequent calls on March 16 and 17, 2024. *Id.*

The Court held the initial pretrial conference as scheduled on March 19, 2024. Dkt. 16 at 2. Defendant attended, but Plaintiff did not, nor did he contact the Court to request an adjournment. *Id.* In light of Plaintiff's *pro se* status, the Court rescheduled the initial pretrial conference to April 9, 2024. *Id.* In its Order, the Court emphasized that "by failing to appear at a Court-ordered conference [of] which Plaintiff was aware, Plaintiff has wasted the time and expense of Defendant and flouted this Court's order." *Id.* The Court directed Plaintiff to inform the Court by April 2, 2024, if he intended to continue prosecuting the case and to confirm his attendance at the rescheduled initial pretrial conference. *Id.* The Court warned that "[i]f Plaintiff d[id] not confirm his continued prosecution of this matter . . . , then the Court will adjourn the April 9 conference, and it may also dismiss Plaintiff's action without prejudice for failure to prosecute." *Id.* The Clerk of Court mailed this Order to Plaintiff's address, *id.*, and TAP likewise served Plaintiff with the Order by mail and email. Dkt. 17.

When Plaintiff still did not communicate with the Court, on April 3, 2024, the Court adjourned the April 9, 2024 initial pretrial conference without date. Dkt. 20. In order to provide Plaintiff with significant time to address his case, the Court directed Plaintiff to "inform the Court as soon as possible, but no later than August 5, 2024, whether he intends to prosecute this case and comply with the Court's orders." *Id.* at 2. The Court again warned

2

Plaintiff that if he failed to do so, "the Court will dismiss this case for failure to prosecute (including, potentially, with prejudice)." *Id.* The Clerk of Court mailed the Order to Plaintiff, *id.*, and TAP again served Plaintiff with the Order by mail and email, Dkt. 21.

During this extended time, Plaintiff did not contact the Court or otherwise prosecute his action. On August 9, 2024, when Plaintiff again failed to communicate with the Court or comply with its orders, the Court dismissed Plaintiff's action without prejudice. Dkt. 22. The Court did not receive any communications from Plaintiff until he moved to reopen his case six months later, on February 7, 2025. Dkt. 25; *see also* Br. Plaintiff also updated his address after filing his motion. Dkt. 26. TAP submitted its opposition on February 20, 2025. Dkt. 29 ("Opp."); Dkt. 30 ("Dinoso Decl."). The motion is thus fully briefed.

## DISCUSSION

In light of Plaintiff's *pro se* status, the Court must read Plaintiff's submissions "liberally and to interpret them to raise the strongest arguments they suggest." *SEC v. Cohen*, 671 F. Supp. 3d 319, 322 (E.D.N.Y. 2023) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *accord McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). Though Plaintiff does not mention Federal Rule of Procedure ("Rule") 60(b) or any other Rule, the Court treats his motion as one under Rule 60(b). Plaintiff asks the Court to reopen his case and remand it to small claims court. Br. at 1-3. For the reasons that follow, the Court denies Plaintiff's motion.

### I. Legal Standard

"Where an action is dismissed for want of prosecution pursuant to Rule 41(b), Rule 60(b) allows it to be reopened under certain, enumerated circumstances." *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 385 (E.D.N.Y. 1998) (first citing *Link v. Wabash*, 370 U.S. 626, 632

3

(1962); and then citing Fed. R. Civ. P. 60(b)).  Rule 60(b) identifies six reasons why the court may relieve a party from "a final judgment, order, or proceeding":

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "A *pro se* litigant is not excused from Rule 60(b)'s demanding requirements."  *Williams v. City Univ. of N.Y.*, No. 10-cv-02127 (CBA), 2014 WL 11462808, at *1 (E.D.N.Y. Jan. 22, 2014) (citing *Howard v. MTA Metro-N. Commuter R.R.*, 866 F. Supp. 2d 196, 210 (S.D.N.Y. 2011)), *aff'd*, 590 F. App'x 84 (2d Cir. 2015).

## II. The Motion to Reopen Is Denied

Plaintiff argues that the case should be reopened because he did not receive any of the federal court filings and did not agree to litigate in federal court.  Br. at 5.  Reading Plaintiff's motion with the solicitude owed to *pro se* litigants, the Court construes him as seeking relief under Rule 60(b) on three grounds: (1) mistake, inadvertence, surprise, or excusable neglect, *see* Fed. R. Civ. P. 60(b)(1); (2) the judgment was void pursuant to Rule 60(b)(4) because removal was improper, or (3) any other reason that justifies relief, *id.* 60(b)(6).  The Court will begin with Rule 60(b)(4) because "relief [under Rule 60(b)(4)] is not discretionary," *Glob. Gold Mining, LLC v. Ayvazian*, 983 F. Supp. 2d 378, 384 (S.D.N.Y. 2013) (quoting *Covington Indus. v. Resintex A.G.*, 629 F.2d 730, 733 n.3 (2d Cir. 1980)).

### A. Rule 60(b)(4)

Plaintiff asserts that he was never served with "federal court paperwork" and did not agree to removal, which the Court construes as an argument that the judgment was void pursuant to Rule 60(b)(4) because the Court does not have jurisdiction over an improperly

4

removed action. Br. at 7. A judgment is void for purposes of Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 193 (2d Cir. 2006) (quoting *Texlon Corp. v. Mfrs. Hanover Comm. Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979)). TAP properly served its notice of removal on Plaintiff at the address he provided to the small claims court and filed its notice of removal in small claims court in accordance with 28 U.S.C. § 1446(d). *See* Dkt. 33-1 (affidavit of service of notice of removal); Dkt. 33-2 (small claims court dismissing case in light of notice of removal to federal court); *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 366 (E.D.N.Y. 2016) (explaining that service by certified mail to a party's last known address is a valid means of alternate service); *Hagner v. United States*, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."); *cf. Unite Nat'l Ret. Fund v. Ariela, Inc.*, 643 F. Supp. 2d 326, 327-28 (S.D.N.Y. 2008) (party properly served at address listed with secretary of state because he had made representations that the address was his and "induced reliance on those representations"); *Li Ying Chen v. Mukasey*, 305 F. App'x 771, 772 (2d Cir. 2009) (summary order) (Board of Immigration Appeals properly served an order by mailing it to the address that the party had listed on its notice of appearance form, and where the party had not informed the Board of any change of address prior to the decision). Plaintiff has not argued that he did not reside at the address where the notice of removal was served at the time of service. He also submitted a proposed order to show cause to restore his case to the small claims court docket on February 6, 2024, *see* Dkt. 30-2 at 2, demonstrating that he was aware of his case's removal to federal court.

While Plaintiff is not pleased that his case was removed to federal court without his permission, his permission was not necessary under 28 U.S.C. § 1446. He also never appeared to contest the removal or moved to remand while the case was pending. Nor would such a motion have been successful because the action was timely removed and federal question jurisdiction exists. *See* Dkt. 8 at 1; *Booker v. BWIA W. Indies Airways Ltd.*, 307 F. App'x 491, 493 (2d Cir. 2009) (summary order) (lost luggage claim fell within the Montreal Convention and preempted state law claims); *Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 243 (2d Cir. 2021) (per curiam) (noting that the district court had federal question jurisdiction over claim under Montreal Convention that was removed from state court).

Thus, the Court had jurisdiction over Plaintiff in this properly removed case and there is no basis upon which to find that the Court's judgment is void under Rule 60(b)(4).

### B.     Rule 60(b)(1)

The Court also denies Plaintiff's motion if the Court were to alternatively construe it as seeking relief under Rule 60(b)(1) from a judgment based on "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), because Plaintiff has not met this standard.

"Rule 60(b)(1) provides, in pertinent part, that a court may relieve a party from a final judgment for 'mistake, inadvertence, surprise, or excusable neglect.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166 (2d Cir. 2004) (quoting Fed. R. Civ. P. 60(b)(1)). In resolving Rule 60(b)(1) motions, district courts consider "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *McGowan v. Stanley*, No. 22-cv-06971 (DLC), 2024 WL 1116310, at *2 (S.D.N.Y. Mar. 13, 2024)

(citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also William v. City of New York*, 727 F. App'x 30, 31 (2d Cir. 2018) (summary order) (similar). "[T]he Second Circuit has stated that the preeminent factor under the Rule 60(b)(1) inquiry is 'the reason for the delay.'" *Suazo v. Bryant Props. 769 LLC*, No. 21-cv-02996 (KPF), 2024 WL 967226, at *3 (S.D.N.Y. Mar. 5, 2024) (quoting *Nastasi & Assocs., Inc. v. Bloomberg, L.P.*, No. 18-cv-12361 (JMF), 2020 WL 2555281, at *2 (S.D.N.Y. May 20, 2020)); *see, e.g.*, *Watts-Devine v. United States*, 616 F. App'x 9, 11 (2d Cir. 2015) (summary order) (emphasizing that "the third factor — the reasons for the delay . . . predominates" in the excusable-neglect analysis (quoting *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004))).

The Court thus begins by examining the reason for Plaintiff's delay in taking any action whatsoever in this matter before considering the remaining *Pioneer* factors. *See William*, 727 F. App'x at 32 (district court abused its discretion by not discussing *Pioneer* factors in resolving Rule 60(b)(1) motion).

    *1. Reasons for Delay*

Plaintiff contends that his appearance was delayed because he never received "any document" related to this case, Br. at 5, he had difficulties completing forms to reopen the case because of his visual disabilities, *id.*, he was absent from the country in the spring of 2024, *id.* at 7, and he subsequently moved to a new address in late May 2024, *id.* at 7, 29. None of these contentions weigh in favor of granting Plaintiff's motion to vacate the Court's judgment.

First, Plaintiff's contention that he never received any document related to this case, including the notice of removal or other "federal court paperwork," is belied by the record. As discussed *supra*, TAP filed an affidavit of service of the notice of removal. The affidavit

7

of service is dated January 24, 2024, a date before Plaintiff left the country in early February 2024. Dkt. 33-1; *see* Br. at 27 (plane ticket from New York to Madrid dated February 6, 2024); Br. at 7 (Plaintiff stating that he left the country on February 6, 2024, to receive medical treatment). TAP also served Plaintiff with the Court's subsequent orders by mail and email, *see* Dkts. 15, 17, 21, 23, and the Clerk of Court also mailed the Court's orders to Plaintiff at the Court's direction, *see* Dkts. 9, 16, 20, 22. None of the Court's mailings were returned to the Court as undeliverable. The email address TAP used to communicate with Plaintiff corresponds to the email address he used in email communications with the Department of Transportation. *See* Dkt. 30-5; Dkt. 30-6 at 2-3; Br. at 37. Prior to the instant motion, Plaintiff never informed the Court of any change to his address. He also contacted TAP's counsel on March 8, 2024. Dkt. 14 at 1. The Court thus finds incredible Plaintiff's claim that he was never "given any information on where [he] needed to go or what [he] needed to do in order to continue the litigation of [his] complaint," or that he was otherwise never served with any "federal court paperwork." Br. at 7. Accordingly, Plaintiff's representations "do[] not provide a sufficient basis to warrant relief under these circumstances." *Warren v. Columbia Presbyterian Hosp.*, No. 12-cv-05139 (RA), 2019 WL 2250419, at *3 (S.D.N.Y. May 24, 2019) (denying Rule 60(b) motion despite plaintiff's claim that he did not receive court orders where order was mailed to plaintiff's last known address and plaintiff did not inform the court of any change to his address); *Graham v. Sullivan*, No. 86-cv-00163 (WK), 2002 WL 31175181, at *3-4 (S.D.N.Y. Sept. 23, 2002) (similar).

Second, Plaintiff's visual disabilities do not justify his delay of more than a year in prosecuting this case. Plaintiff states that once he learned (at an unspecified time) that his case had been closed, he needed assistance completing the forms to reopen the case because he is unable to read or write printed material. Br. at 5. He states that he had trouble finding

help because his neighbors were generally unwilling to become involved with the legal system. *Id.* While this representation about a lack of assistance may address in part the six-month gap between the dismissal of the case and Plaintiff's present motion, it does not explain why Plaintiff failed to communicate with the Court from January 2024, when the case was removed, to August 2024, when the case was dismissed. Plaintiff does not assert that his visual disabilities prevented him from reading or sending emails or mail, seeking an adjournment of the initial pretrial conference, or otherwise communicating with the Court during the entire time that the litigation was pending.

The third and fourth reasons similarly do not weigh in favor of vacating the dismissal of this case. Plaintiff claims that he could not have received any federal court paperwork because he left the country for "several months" in February 2024 and left his old apartment on his return. Br. at 7. The record reflects that Plaintiff left for Madrid on February 6, 2024, *id.* at 27, intended to return to the United States in April 2024 to "resume [his] case," Dkt. 30-3 at 2, and was admitted to a new supported-housing program on May 22, 2024, Br. at 29. While Plaintiff attributes much of his failure to appear before this Court to his international travel, he had returned to the United States well before the Court dismissed the case, and received the Court's orders from TAP via email — including the Court's repeated warnings that his case would be dismissed if he did not comply with the Court's orders or communicate his intent to continue prosecuting the case.

"When a party's negligence approaches willfulness, it is unlikely to be excused." *Green ex rel. Est. of Green v. Advanced Cardiovascular Imaging*, No. 07-cv-03141 (JCF), 2009 WL 3154317, at *3 (S.D.N.Y. Sept. 30, 2009) (citing *Kuntz v. Pardo*, 160 B.R. 35, 39-40 (S.D.N.Y. 1993)). Here, the record reflects that Plaintiff was served with the notice of removal and the Court's subsequent orders through multiple means, including by email.

9

Plaintiff does not contend that the email used by TAP was inaccurate and admits that he spoke to TAP's counsel about the case while he was abroad but refused to cooperate to prepare for the initial pretrial conference. Br. at 7. TAP, for its part, states that it spoke with Plaintiff on March 8, 2024, at which time he "repeatedly refused to agree to confer . . . regarding this matter and asserted that he would not be attending the Pretrial Conference scheduled for March 19, 2024." Dkt. 14 at 1. Despite the fact that he had returned to the United States by April or May of 2024, Plaintiff still did not communicate with the Court or evince any intent to prosecute this case.

In sum, Plaintiff's willful disregard of the Court's repeated orders to appear and litigate this case does not support a finding of excusable neglect. *See Williams*, 219 F.R.D. at 85 (*pro se* plaintiff's neglect not excusable where she was "given clear warnings that failure to comply with discovery orders would result in the dismissal of her case").

      2. *The Remaining* Pioneer *Factors*

The next factor, the danger of prejudice to the nonmoving party, weighs against vacating the Court's dismissal. "The risk of prejudice to the nonmoving party is greatest where the moving party has allowed so much time to elapse that it would be difficult to conduct discovery or otherwise proceed with the case." *Green*, 2009 WL 3154317, at *3. This case involves luggage allegedly lost on a TAP flight nearly nine years ago and no discovery has taken place. *See* Br. at 9. TAP would have to engage in litigation regarding events that arose nearly nine years ago, more than a year of which is attributable to Plaintiff's failure to prosecute his claim in federal court. *See Williams*, 219 F.R.D. at 86 (denying Rule 60(b)(1) motion even where defendant did not point to any specific perceived prejudice, since the underlying events occurred more than six years prior).

The length of the delay since dismissal of the action slightly favors relief under Rule 60(b)(1). The Court dismissed for failure to prosecute on August 9, 2024. Dkt. 22. Plaintiff filed his motion to reopen approximately six months later, on February 7, 2025. Dkt. 25. "Beyond the inherent prejudice posed by the passage of time and the specific considerations discussed above, there is nothing about the roughly [six]-month period between the [dismissal for failure to prosecute] and [Plaintiff's] current motion that would seriously impact the proceedings." *Suazo*, 2024 WL 967226, at *8.

The final factor — whether the movant acted in good faith — counsels in favor of denying relief. Plaintiff ignored repeated orders from the Court and has not diligently pursued this action at any time.

### 3. On Balance, The *Pioneer* Factors Do Not Support Vacatur

Taken together, and following the Second Circuit's guidance that the "reasons for the delay," is the preeminent factor, *Watts-Devine*, 616 F. App'x at 11 (citation omitted), Plaintiff has not met his burden to demonstrate that his neglect was excusable under Rule 60(b)(1). The evidence in the record demonstrates that Plaintiff was aware his claim had been removed to federal court (and indeed, that he had learned as much in late January or early February 2024). He was sent repeated communications from TAP and this Court to his mailing and email addresses about his obligations to appear and litigate his case. He nevertheless failed to comply with the Court's orders or deadlines. As a consequence, he is not entitled to relief under Rule 60(b)(1).

## C.   Rule 60(b)(6)

The Court finally considers Plaintiff's motion under Rule 60(b)(6). Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time and is not premised on

11

one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)).  While a court's authority under Rule 60(b)(6) is broad, "that reservoir is not bottomless," and "[r]elief under Rule 60(b)(6) is reserved for cases that present 'extraordinary circumstances.'" *Id.* (first quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); and then quoting *Liljeberg*, 486 U.S. at 863-64).  Moreover, "[w]here a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Id.* at 359 (quoting *Stevens*, 676 F.3d at 67)); *see also Lopez v. Paramount Glob.*, No. 23-cv-01126 (JLR), 2024 WL 4752129, at *4 (S.D.N.Y. Nov. 12, 2024) ("Rule 60(b)(6) may only be invoked when there are extraordinary circumstances justifying relief; when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." (internal quotation marks omitted)).  To qualify for relief under Rule 60(b)(6), "a party must set forth 'highly convincing material' in support of his motion." *Jin Zhao v. State Univ. of N.Y.*, No. 04-cv-00210 (KAM) (RML), 2015 WL 6032667, at *5 (E.D.N.Y. Oct. 15, 2015) (quoting *D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002) (summary order)).  The movant must also "show good cause for failing to act sooner" and "show that granting the motion will not impose an undue hardship on the other party." *Broadway v. City of New York*, No. 96-cv-02798 (RPP), 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003) (citing *Kolitcky v. U.S. Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

   Plaintiff has not demonstrated the existence of extraordinary circumstances warranting relief under Rule 60(b)(6).  Plaintiff's allegations that he has visual disabilities, making it more difficult for him to move to reopen the case, that he was not in the country during certain times, that TAP proceeded in federal court despite the fact that he wanted to proceed in small

claims court, and that TAP did not provide him with "federal paperwork," Br. at 5-23, do not constitute highly convincing evidence of "extraordinary circumstances" or "extreme hardship" that might justify reconsideration for the reasons set forth above. Courts have rejected similar arguments on consideration of Rule 60(b)(6) motions. *See Broadway*, 2003 WL 21209635, at *4 (holding that *pro se* plaintiff who had been "in and out of the hospital, suffering from a mental condition" had not demonstrated "extraordinary circumstances" that would warrant reconsideration under Rule 60(b)(6)); *Orix Fin. Servs., Inc. v. Thunder Ridge Energy, Inc.*, 579 F. Supp. 2d 498, 500, (S.D.N.Y. 2008) (denying Rule 60(b)(6) motion based in part on party's "poor health with vision and hearing problems" since it did not "constitute 'extraordinary circumstances'"), *aff'd in part, vacated in part on other grounds sub nom. Orix Fin. Servs, Inc. v. Cline*, 369 F. App'x 174 (2d Cir. 2010) (summary order); *Abdullah v. Direct Model Mgmt., Inc.*, No. 15-cv-03100 (JMF), 2018 WL 1750598, at *3 (S.D.N.Y. Apr. 11, 2018) (rejecting Rule 60(b)(6) motion where plaintiff claimed he did not receive any details regarding the case, since he was "indisputably on notice of the lawsuit," the motion for default judgment and the related hearing, and received emails about his case before his default judgment hearing).

Because Plaintiff has not demonstrated the existence of "extraordinary circumstances," he is not entitled to relief under Rule 60(b)(6).

### D.  Plaintiff's Claim Does Not Have Merit

A motion to reopen a default judgment under Rule 60(b), which is arguably analogous to a motion to reopen a matter that has been dismissed for failure to prosecute, also evaluates whether the party seeking to reopen the case has a meritorious claim or defense. *See, e.g.*, *In re Orion HealthCorp., Inc.*, 95 F.4th 98, 104 (2d Cir. 2024); *Thomas v. City of New York*, 293 F.R.D. 498, 503 (S.D.N.Y. 2013), *aff'd sub nom. Thomas v. McAuliffe*, 691 F. App'x 671 (2d

Cir. 2017) (summary order).  Plaintiff does not.  Claims under the Montreal Convention have a two-year statute of limitations that begins to run from the date on which the aircraft arrived or ought to have arrived.  *See Cohen*, 13 F.4th at 245-46.  Plaintiff discovered his luggage had been lost when his plane arrived in Madrid in November 2016, and he did not file this suit until August 2022 — well past the end of the limitations period.  Moreover, the relief sought by Plaintiff in his present motion to reopen — namely, to reopen the case and remand to small claims court — would not be granted because the case was properly removed to federal court.  *See supra* at 6.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to vacate the Court's judgment, reopen this case, and remand it to small claims court.  The Clerk of Court is respectfully requested to terminate the motion at Dkt. 25 and to mail a copy of this Memorandum Opinion and Order to Plaintiff.  Defendant is also directed to mail and email a copy of this Memorandum Opinion and Order to Plaintiff.

Dated: April 28, 2025
       New York, New York

                          SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge